**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **SEMERKHET SANKH HOTEP,** ) | |
|       **Plaintiff,** ) | |
| ) | |
| **v.** ) | **3:07-CV-065-K** |
| ) | **ECF** |
| **UNITED STATES, et al.,** ) | |
|       **Defendants.** ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the Court in implementation thereof, the subject cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is an unspecified *pro se* civil action.

Parties: Plaintiff appears to be a resident of Dallas County, Texas. His mailing address was initially in Desoto, Texas, and most recently was changed to a post office box in Dallas.

Defendants are the United States, the Board of Governors of the Federal Reserve, the Comptroller of the Currency, the Department of Treasury, the State of Texas, and the Texas Comptroller of Public Accounts.

The Court did not issue process in this case, pending preliminary screening. On January 30, 2007, the Magistrate Judge issued a questionnaire to Plaintiff, who filed his answers on February 26, 2007.

Statement of Case: Even when liberally construed in accordance with Plaintiff's *pro se* status, the complaint and answers to the Magistrate Judge's questionnaire are very difficult to

understand. (Complaint at 1). Plaintiff relies on "admiralty and maritime jurisdiction" as well as diversity jurisdiction. (*Id.* at 2). He states that "this is an action for denationalization, genocide, kidnapping, peonage, slavery, resulting from the act of registration of Plaintiff under and according to the health and safety code chap. 192 and § 192.001." (*Id.* at 1). He seeks monetary and injunctive relief.

Findings and Conclusions: Before addressing the complaint, the court must first examine the threshold question of whether it has subject matter jurisdiction. Subject matter jurisdiction is an issue of paramount concern, and should be addressed, *sua sponte* if necessary, at the inception of any federal action. *System Pipe & Supply, Inc. v. M/V Viktor Kurnatovsky*, 242 F.3d 322, 324 (5th Cir. 2001); *Moody v. Empire Life Ins. Co.*, 849 F.2d 902, 904 (5th Cir. 1988).

The complaint, supplemented by Plaintiff's answers to the questionnaire, fails to allege a federal question arising under the Constitution or federal law. *See* 28 U.S.C. § 1331. Plaintiff purportedly relies on numerous federal statutes -- namely nationalization statutes under 8 U.S.C. § 1101, the Public Vessels Act, the Sovereign Immunities Act, and several federal criminal statutes. (Answers to Questionnaire). His allegations, however, fail to raise a federal claim under any federal law. Plaintiff merely complains that he is of "moorish/aboriginal," and indigenous descent, but that at the time of his birth, his parents were required to put the word "nigga, colored, black" on his birth certificate in accordance with a Texas Statute, i.e., "Health and Safety Code Chap 192 and Sec. 192.001." (Complaint at 1, 3, and 5). According to Plaintiff, the act of registering him as a U.S. citizen subjected him to "denationalization, genocide, kidnapping, peonage, [and] slavery . . . ." (*Id.* at 1 and 5-7). Such allegations fail to raise a federal question.

2

Absent a federal question, complete diversity of citizenship between adverse parties -- i.e., citizens of different states -- and at least $75,000 in controversy are required to establish subject matter jurisdiction.  *See* 28 U.S.C. § 1332(a).  Plaintiff cannot rely on diversity of jurisdiction.  It is clear from the face of the complaint that this action is *not* between citizens of different states.  Rather Plaintiff is seeking to sue the United States, the State of Texas, and federal and state agencies.  Clearly the United States is not a "citizen" of any state within the meaning of diversity jurisdiction.  *Lummis v. White,* 629 F.2d 397, 402 (5th Cir. 1980), reversed on other grounds, *Cory v. White*, 457 U.S. 85, 102 S. Ct. 2325 (1982).  Nor is an agency of the United States a citizen of any particular state for purposes of diversity jurisdiction.  *See Texas v. Interstate Commerce Commission and Railroad Labor Board,* 258 U.S. 158, 160, 42 S. Ct. 261, 262 (1922) (no diversity jurisdiction over ICC and Railroad Labor Board, since they "are not citizens of any State, but have the same relation to one State as to another."); *Gen. Ry. Signal Co. v. Corcoran,* 921 F.2d 700, 703 (7th Cir. 1991) ("Federal jurisdiction over a suit against an agency of the United States is proper when, for example, federal questions exist.... U.S. agencies cannot be sued in diversity, however."); *Weeks Construction, Inc. v. Oglala Sioux Housing Authority,* 797 F.2d 668, 676 n. 10 (8th Cir. 1986) (instrumentalities of the United States like HUD are citizens of no state for diversity purposes); *Koppers Co. v. Garling & Langlois,* 594 F.2d 1094 (6th Cir.1979) (same); *Hancock Fin. Corp. v. Fed. Sav. & Loan Ins. Corp.,* 492 F.2d 1325, 1329 (9th Cir. 1974) (no diversity jurisdiction over claim against U.S. FSLIC).[1]

---

[1] The United States also enjoys sovereign immunity, and cannot be sued without its consent.  *See United States v. Mitchell,* 463 U.S. 206, 212, 103 S. Ct. 2961 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction.").

Similarly a State is not a "citizen" for purposes of diversity of jurisdiction. *Moor v. County of Alameda*, 411 U.S. 693, 718, 93 S. Ct. 1785, 1800 (1973); *Ohio v. Wyandotte Chemicals Corp.,* 401 U.S. 493, 91 S. Ct. 1005 (1971). "[A] State cannot be made a party defendant in a federal district court by a private litigant based upon diversity of citizenship . . . . Moreover, suits against state agencies are considered suits against the state, except where the agency is endowed with such a separate and distinct existence that its activities are not those of the State." *Johnson v. Texas Dep't of Corrections*, 373 F. Supp.. 1108, 1109 (S.D. Tex. 1974). *See also State of Louisiana v. Sprint Communications Co.*, 892 F. Supp.. 145, 147 (M.D. La. 1995) (holding that the presence of the State of Louisiana as a party defeats diversity jurisdiction, because a state is not a citizen, thereby precluding complete diversity of citizenship between all plaintiffs and all defendants in a case). Here Plaintiff has failed to allege that the Texas Comptroller of Public Accounts has a separate legal existence from the State of Texas.

Therefore, Plaintiff's complaint, insofar as it relies on 28 U.S.C. §§ 1331 and 1332, should be dismissed for want of jurisdiction.

Alternatively, the complaint should be summarily dismissed at the screening stage as frivolous. Since this Court permitted Plaintiff to proceed *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B). That section provides that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal--(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v.*

4

*Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831-32 (1989).  In *Denton v. Hernandez*, 504 U.S. 25, 32, 112 S. Ct. 1728, 1733 (1992), the Supreme Court recognized that a court may dismiss a complaint as frivolous when it is based on an indisputable meritless legal theory or when the factual contentions are "clearly 'baseless.'"  The latter category encompasses claims which describe "fantastic or delusional" scenarios, or which "rise to the level of the irrational or the wholly incredible."  *Id.* at 33, 112 S. Ct. at 1733.

Plaintiff's claims are factually frivolous.  His allegations regarding "denationalization, genocide, kidnapping, peonage, [and] slavery" describe fantastic or delusional scenarios which are clearly irrational and incredible.  Therefore, this action should be dismissed with prejudice as frivolous.  *See Marts v. Hines*, 117 F.3d 1504, 1506 (5th Cir. 1997).

RECOMMENDATION:

For the foregoing reasons, it is recommended that this action be DISMISSED for want of jurisdiction. Alternatively, it is recommended that this action be DISMISSED with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

A copy of this recommendation will be transmitted to Plaintiff.

Signed this 24th day of April, 2007.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.